Filed 6/17/13  County of Alameda v. Ottovich CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| COUNTY OF ALAMEDA,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>HARVEY G. OTTOVICH,<br><br>        Defendant and Appellant. | A133891<br><br>(Alameda County<br>  Super. Ct. No. HG04147613) |

Appellant Harvey G. Ottovich appeals from a trial court order awarding respondent the County of Alameda (County), among other things, $59,052.90 in attorney fees and $100,200 in demolition costs that were incurred after the County won an action against appellant for nuisance, trespass and quiet title.  For reasons set forth below, we reverse the award of attorney fees and in all other regards affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

This appeal is the latest chapter in a long running legal battle between the parties arising out of appellant's encroachment onto a right of way in the Alameda County Niles Canyon Transportation Corridor purchased by the County from Union Pacific Railroad in 1997.  Since well before the time of this purchase, appellant has owned the property located at 37255 Mission Boulevard in Fremont, which is adjacent to the County's property.

1

The County filed this action against appellant in March 2004 after he ignored a March 11, 2004 request to remove material and structures on his property that were encroaching onto the County's property. A default judgment was entered in favor of the County on June 9, 2005. Pursuant to this judgment, appellant was ordered to remove any and all encroachments on the County's property within 90 days. The County, in turn, was authorized to seek further relief from the court if appellant failed to comply with the judgment within 90 days, and to recover "reasonable and necessary attorney's fees incurred . . . in securing compliance with the Court's orders."

On August 31, 2010, when appellant still had not obeyed the June 2005 judgment requiring him to remove the encroachments, the County moved for a permanent injunction that would permit the County to remove them itself and to recover the costs incurred to do so. The trial court granted this motion on September 13, 2010, thereby authorizing the County to remove the encroachments and ordering appellant to "pay the County all of [its] actual costs incurred removing the Encroaching Structures, including but not limited to reasonable and necessary attorney's fees incurred by the County in securing compliance with the Court's orders."

Thereafter, on February 24, 2011, the trial court issued a writ of possession authorizing the County to demolish the encroaching structures. The writ of possession was returned by the Sheriff on October 4, 2011.[1]

On April 6, 2011, appellant filed a motion to vacate the September 13, 2010 order for improper notice, accompanied by a document entitled "Ex Parte Application and Relief to Stay County Demolition and Allow Defendant to Perform Demolition." The trial court denied appellant's motion and application on April 13, 2011 following a hearing and, on the same day, the County demolished the encroaching structures.

On July 26, 2011, the County filed a motion for costs and fees requesting a total amount of $165,426.84. This amount included $59,052.90 in attorney fees, $100,200 in

---

[1]     On March 9, 2011, five days after the County posted the Writ and Notice to Vacate, appellant's tenant filed a Claim of Right of Possession. The trial court denied this claim on March 24, 2011.

2

demolition costs, $780 in debris removal costs, $700.14 in approved security costs for County Sheriff services, and $3,125 in staff time costs for the Public Works Agency. Following extensive briefing and a contested hearing, the trial court granted the County's motion in full on October 13, 2011. This timely appeal of the October 13, 2011 order followed.

## DISCUSSION

Appellant raises two issues on appeal. First, appellant contends the trial court erred as a matter of law by awarding the County attorney fees outside the scope of the relevant court orders, which permitted only those fees incurred by the County to enforce the judgment. Second, appellant contends the trial court abused its discretion by awarding the County an unreasonable and excessive sum to cover its alleged costs to demolish the encroaching structures.

The County responds that the trial court properly awarded the attorney fees as costs incurred by the County to enforce the judgment pursuant to Code of Civil Procedure section 685.040 and as authorized by two lawful court orders allowing recovery of, among other costs, "reasonable and necessary attorney's fees incurred by [the County] in securing compliance with the Court's orders."[2] In so responding, the County contends appellant waived the right to challenge the court's underlying legal authority to make the attorney fee award by not raising his challenge below, and that the sole legal issue is whether "legal work performed during post-judgment proceedings is considered part of 'enforcing' the order." Finally, the County contends the award of $100,200 in demolition costs was reasonable and within the scope of the trial court's broad discretion.

## I. Standard of Review.

We review de novo the legal issue of whether the attorney fees awarded to the County were valid pursuant to section 685.040 as within the scope of the relevant court orders permitting recovery of "reasonable and necessary attorney's fees incurred by [the

---

[2] Unless otherwise stated, all statutory citations herein are to the Code of Civil Procedure.

3

County] in securing compliance with the Court's orders." (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142 ["de novo review of . . . a trial court [attorney fee] order is warranted where the determination of whether the criteria for an award of attorney fees and costs in [a particular] context have been satisfied amounts to statutory construction and a question of law"]; see also *Jaffe v. Pacelli* (2008) 165 Cal.App.4th 927, 934.)  We review the amount of the attorney fee award, if recoverable, for abuse of discretion.  (*Foundation for Taxpayer & Consumer Rights v. Garamendi* (2005) 132 Cal.App.4th 1375, 1388 ["the appropriate test for abuse if discretion is whether the trial court exceeded the bounds of reason"].  See also *Carver v. Chevron U.S.A., Inc., supra,* 97 Cal.App.4th at p. 142).  The abuse-of-discretion standard likewise applies to appellant's challenge of the amount awarded to the County to cover its demolition costs. (*Carver v. Chevron U.S.A., Inc., supra,* 97 Cal.App.4th at p. 142.)

**II.    Award of Attorney Fees and Costs.**

A prevailing party in an action or proceeding is generally entitled to recover costs. (§ 1032, subd. (b).)  However, attorney fees are included as costs only "when authorized by contract, statute, or law. (§ 1033.5, subd. (a)(10)(A), (B), & (C).)"[3] (*Tanner v. Tanner* (1997) 57 Cal.App.4th 419, 422.)

Here, the purported basis of the trial court's award of attorney fees to the County is section 685.040, which provides as follows: "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law. Attorney's fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5."  Section 1033.5, subdivision (a)(10)(A), as mentioned above,

---

[3]      Section 1033.5 states in relevant part: "The following items are allowable as costs under Section 1032: [¶] . . . [¶] (10) Attorney fees, when authorized by any of the following: [¶] (A) Contract. [¶] (B) Statute. [¶](C) Law." (§ 1033.5, subd. (a)(10)(A), (B), & (C).)

4

provides that attorney fees may be awarded as costs when authorized by contract. (§ 1033.5, subd. (a)(10)(A).)

Thus, *unless otherwise provided by law*, "there are two requirements before a motion for an award of postjudgment attorney fees may be awarded as costs [pursuant to § 685.040]: (1) the fees must have been incurred to 'enforce' a judgment; and (2) the underlying judgment had to include an award for attorney fees pursuant to Code of Civil Procedure section 1033.5, subdivision (a)(10)(A), *which provides that attorney fees may be awarded when authorized by contract*." (*Jaffe v. Pacelli, supra,* 165 Cal.App.4th at p. 935 [fn. omitted] [italics added].)

Before considering these requirements in the context of the matter at hand, we must address the threshold issue of forfeiture. As stated above, the County contends we should decline on forfeiture grounds to address the underlying validity of the attorney fee award because the only issue raised by appellant on appeal is whether legal work performed during post-judgment proceedings falls within the scope of the judgment awarding the County "reasonable and necessary attorney's fees incurred . . . in securing compliance with the Court's orders." We, however, disagree. While appellant could indeed have presented a more coherent, straightforward argument for challenging the attorney fee award as contrary to the statutory limits imposed on such awards under sections 685.040 and 1033.5, subdivision (a)(10), we nonetheless agree with him that the issue was preserved.[4]

---

[4] Contrary to the County's suggestion, appellant did not wholly fail to challenge the underlying legal basis for the attorney fee award in the trial court or in this court. For example, in his motion in the trial court to "Strike All Costs & Attorney's Fees, or for More Definite Memorandum in Order to Move to Tax," appellant argued that the County's reliance on section 685.040 and section 1033.5, subd. (a)(10)(A) as a basis for recovery of attorney fees was misplaced because "[these] statutes . . . specifically provide for recovery of attorney's fees *only* when authorized by *contract*. County makes no claim that any underlying contract is involved in this matter, and in fact there is none." Further, in appellant's opening brief on appeal, the County correctly notes that his primary argument is that "the trial court is not authorized to order that the respondent may recover attorney's fees incurred in post judicial proceedings, but rather only those directly related to enforcing the order for the actual costs respondent incurred in

Nor does appellant's failure to appeal the June 2005 judgment hinder our authority to consider the validity of the $59,052.90 in attorney fees that were awarded October 13, 2011 after the County filed its memorandum of costs and fees. Case law holds that an order determining a party's entitlement to attorney fees, but not the amount of such fees, is interlocutory even if the attorney fee order is contained in an otherwise appealable judgment. "It follows that, in an appeal from a postjudgment order awarding attorney's fees, we may review the entitlement to, as well as the amount of, the fees awarded." (*P R Burke Corp. v. Victor Valley Wastewater Reclamation Authority* (2002) 98 Cal.App.4th 1047, 1055; see also *City of Santa Paula v. Narula* (2003) 114 Cal.App.4th 485, 492.) The reason is this: "[A] provision of the judgment that the [prevailing party] 'shall be entitled to . . . attorney's fees' [i]s nonfinal. Further judicial action [i]s necessary to determine the *extent* of the [party's] entitlement to attorney's fees. Indeed, the trial court could still . . . rule[] that the amount of fees to which the [party] [i]s entitled [i]s zero . . . . This [does] not detract from the judgment's appealability in other respects. [Citation.] In an appeal solely from the judgment, however, we [cannot] . . . review[] the entitlement to attorney's fees as long as the amount of fees remain[s] undetermined." (*P R Burke Corp. v. Victor Valley Wastewater Reclamation Authority, supra,* 98 Cal.App.4th at p. 1054.)

Returning now to the merits, we first note there is no contention the County is entitled to recover attorney fees as costs pursuant to a contract between the parties. (See § 685.040; § 1033.5, subd. (a)(10)(A).) Rather, the County contends appellant is liable for the attorney fee award pursuant to section 685.040 and section 1033.5, subdivision (a)(10)(C), because the June 2005 judgment, which has long since been final, and the subsequent September 13, 2010 enforcement order are "controlling law" authorizing an

removing the encroaching structure." However, appellant also argues that "Respondent has the burden to show authority to support its argument that the Court had authority and jurisdiction to order that the respondent may recover attorney's fees incurred to defend post-judgment judicial proceedings," and that "[t]he costs being claimed as attorney's fees actually go beyond the scope of what was authorized in the court's order and *also beyond what is awardable under the law*." (Italics added.) Under these circumstances, we decline to find waiver.

award of such fees as costs. However, we conclude the County misreads the governing statutory law.

As our appellate colleagues in the Fourth District, Division Three, explained when rejecting the comparable argument that a judgment of dissolution in a marriage case was controlling "law" for the purposes of awarding attorney fees under section 1033.5, subdivision (a)(10)(C): "The Legislature amended section 1033.5 in 1993, permitting a court to award attorney fees as costs when authorized by law. . . . [¶] Prior to the 1993 amendment, section 1033.5 allowed for the recovery of fees pursuant only to contract or statute. Many courts nevertheless awarded fees pursuant to the common fund and substantial benefit theories. [Footnote omitted.] In 1993, the State Bar Conference of Delegates proposed Resolution No. 6-25-92 suggesting the 'recategori[zation of those] attorneys' fees recoverable under a judicial precedent as a cost item . . . .' (State Bar Conf. of Delegates Res. No. 6-25-92, from the legis. bill file of the Sen. Com. on Judiciary on Assem. Bill No. 58 (1993-1994 Reg. Sess.).) Its purpose was to allow attorney fee awards based on case law to be recovered as costs. (Letter from Assemblyman Steven Peace to Governor Pete Wilson (Sept. 2, 1993) regarding Assem. Bill No. 58.) As Assemblyman Peace noted in his letter, *the amendment did not change existing law, it simply codified it*." (*Tanner v. Tanner, supra,* 57 Cal.App.4th at p. 423 [italics added] [*Tanner*].) As such, the *Tanner* court rejected the wife's argument that the judgment itself supported the attorney fee award as "fees authorized by law" pursuant to section 1033.5, subdivision (a)(10)(C). (*Tanner v. Tanner, supra*, 57 Cal.App.4th at pp. 422-423.)

Applying this reasoning here, we likewise reject the County's argument that the attorney fee award in this case was "provided by law" for purposes of section 685.040 because the fees were "authorized by law" (§ 1033.5 (a)(10)(C)) in the form of two lawful court orders binding on the parties. As *Tanner* explains, because the fee award was not authorized by the "common fund," "substantial benefit" or other case-law derived theory, the award does not meet the "authorized by law" requirement set forth in section 1033.5, subdivision (a)(10)(C). As such, the attorney fees in this case should not

7

have been allowable as costs incurred by the County to enforce the court's judgment or orders pursuant to section 685.040. (See *Tanner v. Tanner, supra,* 57 Cal.App.4th at p. 423. Cf. *Jaffe v. Pacelli, supra,* 165 Cal.App.4th at pp. 934-935 [holding that, pursuant to section 685.040, the judgment creditor was entitled to recover attorney fees incurred in enforcing the underlying judgment because such recovery was authorized by a valid contract between the parties for purposes of section 1033.5, subdivision (a)(10)(A)].)

Thus, because we find invalid the trial court's purported legal basis for awarding attorney fees to the County as costs incurred to enforce the judgment pursuant to section 685.040, the attorney fee award must be reversed.[5] (*Tanner v. Tanner, supra,* 57 Cal.App.4th at pp. 422-423.)

### III. Award of Demolition Costs.

With respect to the award of demolition costs, the only issue is whether the amount, which totaled $100,200, was reasonable. Appellant contends this award is "exorbitant and clearly exaggerated" because the costs claimed by the County "are grossly out of step with the benchmarks for a reasonable fair market value demolition that [he] has laid out in his declaration." In so contending, appellant notes that the County's claimed costs are not adequately supported or itemized, and that a declaration prepared on appellant's behalf by his brother, Mark Ottovich, identifies "a number of licensed contractors who could do the job for from 2% to 5% of the amount claimed by the respondent," including one such contractor (U.S. Demo & Hauling) that, the Ottovichs claim, would have done the work for only $4,800.[6]

---

[5] We deny the County's motion to strike portions of appellant's reply brief as moot.

[6] Appellant claims in his opening brief that the trial court "cut [his] counsel off" when he attempted to address the issue of demolition costs, describing this action as "rather brusque treatment for an issue on which the court is required to exercise is [sic] discretion . . . ." However, beyond pointing to one isolated statement by the trial court judge that he "d[id]n't need any more information," appellant offers no reasoned or factually-supported argument that the trial court failed to consider the relevant information on demolition costs. As such, we address this claim no further.

8

The County disputes appellant's contentions, pointing out that appellant failed to account for the added costs of its mandatory compliance with laws governing awards of public contracts by government entities to third-party contractors. These laws, among other things, required the County to pay prevailing wage and to comply with certain bid procedure and debris maintenance laws that added to its overall costs. (See Lab. Code, §§ 1721, 1771; Pub. Contract Code, §§ 1100.7, 20122, 20128, 22032; Ala. County Admin. Code Ch. 4.38). The County also identifies evidence in the form of the final contractor invoice and a supporting declaration from a Specialist Clerk with the County's Board of Supervisors that prove the contractor, Wyllie Enterprises, was selected and the demolition was conducted in accordance with these mandatory laws. Specifically, this evidence reflects that the total amount of $100,200 in demolition costs included demolition of appellant's structure, removal of debris (including the concrete foundation), performing a "safe off" of all utilities in the encroaching areas, extending a chain link fence across the encroaching area, capping-off a potentially hazardous gas line, and paying for labor and equipment.

Appellant responds to the County's evidentiary showing by insisting the costs incurred in doing this work were "outside the bounds of reason." We disagree. The trial court acted within the scope of its broad discretion in accepting the County's evidence as an adequate showing of its actual and reasonable costs of demolishing appellant's encroachment. This is particularly true given the additional circumstance that appellant was ordered in the first instance to perform the demolition work himself, but he failed to do it. As such, in the absence of any real showing that the County's costs were improper or otherwise unjustified in light of its legal obligations as a governmental entity engaged in this type of work, appellant's hindsight challenge to the costs incurred by the County must fail. (See *Serrano v. Priest* (1977) 20 Cal.3d 25, 49 [no reversal absent evidence of a manifest abuse of discretion].)

9

## DISPOSITION

The judgment is reversed as to the attorney fees awarded and the matter remanded to the trial court for further consideration in light of the opinions set forth herein. In all other respects the judgment is affirmed. The parties bear their own costs on appeal.


_____
Jenkins, J.


We concur:


_____
McGuiness, P. J.


_____
Pollak, J.