Filed 3/2/16  Haslerig v. Dyson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| FARRIS HASLERIG et al., | D067387 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2012-00088478-CU-PN-CTL) |
| PHILIP H. DYSON, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Randa Trapp, Judge.  Affirmed.

Law Offices of Jerome J. Schiefelbein, Jerome J. Schiefelbein; Law Offices of James E. Swingley and James E. Swingley for Plaintiffs and Appellants.

Pettit Kohn Ingrassia & Lutz, Douglas A. Pettit and Matthew C. Smith for Defendant and Respondent.

INTRODUCTION

Appellants Farris Haslerig, Tammy Haslerig, Stephanie Haslerig, Kyanna Haslerig, and Kaileigh Haslerig (jointly "appellants") appeal from a postjudgment order awarding defendant Phillip H. Dyson $340,000 in attorney fees. Appellants argue that Dyson is not entitled to attorney fees because their action against him was based in tort, not contract, and, according to appellants, none of the agreements that created an attorney-client relationship between Dyson and appellants contained an attorney fee clause that covers the claims in this action. Appellants argue, in the alternative, that fees and costs should have been apportioned between Dyson and a codefendant who settled with appellants prior to trial.

We affirm the order of the trial court.

II.

FACTUAL AND PROCEDURAL BACKGROUND

Appellants are descendants of George Haslerig, who won $12 million in the California State Lottery in 1991. After George's death in 2003, appellants had difficulty obtaining information about their rights in George's estate from George's son, Garland, who controlled all of the trusts and the limited partnership that George created as part of his estate.

In 2006, Appellants hired Dyson to pursue their legal interests with respect to George's estate, originally entering into an hourly fee agreement with him. After a number of months, appellants terminated the hourly fee agreement and the parties entered

into a contingency fee agreement pursuant to which Dyson would receive 40 percent of whatever appellants might recover with respect to their interest in George's estate.

With Dyson as counsel, appellants filed suit against Garland and the limited partnership. The litigation ultimately resulted in Garland's removal as trustee. At that point, appellants entered into a negotiated settlement of the underlying litigation against Garland and the limited partnership. The negotiated settlement (Settlement Agreement) provided appellants with more than half of the property that was in dispute, including real property and cash payouts. The Settlement Agreement contains an attorney fee provision.

Pursuant to Dyson's fee agreement with appellants, Dyson received 40 percent of the settlement that appellants obtained in the underlying action, including interests in real property and liquid assets. Dyson and appellants agreed to form a new entity, called Perig Properties, LLC (Perig), to hold the real property that was obtained through the settlement with Garland. The parties' rights and responsibility as members of Perig were set forth in the Perig Operating Agreement (Operating Agreement), which appellants and Dyson signed. The Operating Agreement contains an attorney fee provision.[1]

---

[1]     The attorney fee clause in the Operating Agreement is set forth in an arbitration provision as follows:

> "Any action to enforce or interpret this Agreement or to resolve disputes between the Members or by or against any Member shall be settled by arbitration in accordance with the rules of the American Arbitration Association. Arbitration shall be the exclusive dispute resolution process in the State of California, but arbitration shall be a nonexclusive process elsewhere. Any party may commence arbitration by sending a written demand for arbitration to the other

In 2012, appellants voted to remove Dyson as manager of Perig and filed this action against Dyson. By amended complaint, appellants alleged eight claims against Dyson, as follows: breach of fiduciary duty, negligence, fraudulent concealment, fraud, conversion, unjust enrichment, disgorgement of fees, and "action for accounting." (Formatting omitted.) The operative complaint alleged that the "fee agreements under which the said [D]efendants were paid were void and unenforceable as a matter of law due to [the Defendants'] repeated failures to make mandatory disclosures or secure written consents to conflicts of interest . . . ." Appellants alleged in their complaint that they were entitled to "reasonable and necessary attorney's fees as provided for in the agreement between the parties."

The case proceeded to trial before a jury in 2014. The jury returned a verdict in favor of Dyson on all of appellants' claims. The trial court entered judgment on the verdict on May 7, 2014.[2]

Dyson filed a "Memorandum of Costs" at the end of May 2014, and in early June, he filed a "Notice of Motion and Motion for Attorneys' Fees and Costs" with supporting documents. Appellants opposed Dyson's motion for attorney fees and costs.

parties. Such demand shall set forth the nature of the matter to be resolved by arbitration. . . . The prevailing party shall be entitled to reimbursement of attorney fees, costs, and expenses incurred in connection with the arbitration."

[2] The trial court's judgment was affirmed by this court on September 10, 2015, in *Haslerig v. Dyson*, case No. D066315.

4

Appellants filed a motion to tax costs, which Dyson opposed.[3]

The trial court entered an order granting Dyson's motion for attorney fees in the amount of $340,000, stating:

> "Defendant is entitled to reasonable attorney fees pursuant to CCP § 1021 and the Operating Agreement. (Lerner v. Ward (1993) 13 [Cal.App.4th] 155, 159-160[.]) The court finds the amount of $340,000 is reasonable in this case due to some excessive and/or redundant time spent on tasks."[4]

The court also granted in part and denied in part appellants' motion to tax costs.[5]

Appellants filed a timely notice of appeal.

III.

DISCUSSION

A. *The trial court did not err in concluding that there is a legal basis for awarding attorney fees*

Appellants contend that the trial court erred in granting Dyson's motion for attorney fees.

---

[3] Appellants' motion is not included in the Appellants' Appendix. However, we infer that a motion was filed because Dyson's opposition to such a motion is included in the Appellants' Appendix.

[4] Dyson had sought $450,216.00 in attorney fees.

[5] The court granted appellants' motion to tax costs with respect to $566.15 for service of process fees and $1,974.30 in "other costs for delivery charges," but denied the motion with respect to appellants' request to apportion costs between Dyson and codefendant Amy Morketter, who had apparently settled with appellants prior to trial, and as to the remainder of the costs for which Dyson sought reimbursement in his Memorandum of Costs.

Except as provided for by statute, compensation for attorney fees is left to the agreement of the parties. (Code Civ. Proc., § 1021.)[6]

The trial court has broad discretion to determine the amount of a reasonable fee, and the award of such fees is governed by equitable principles. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1094-1095.)

"On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion. However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law. [Citations.] [¶] Stated another way, to determine whether an award of attorney fees is warranted under a contractual attorney fees provision, the reviewing court will examine the applicable statutes and provisions of the contract. Where extrinsic evidence has not been offered to interpret the [contract], and the facts are not in dispute, such review is conducted de novo. [Citation.] Thus, it is a discretionary trial court decision on the propriety or amount of statutory attorney fees to be awarded, but a determination of the legal basis for an attorney fee award is a question of law to be reviewed de novo." (*Carver v. Chevron U.S.A., Inc*. (2002) 97 Cal.App.4th 132, 142.)

The trial court determined that an attorney fee award in favor of Dyson was appropriate pursuant to the parties' Operating Agreement. Our review of this contract

_____

[6]    Code of Civil Procedure section 1021 provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided."

establishes that it contemplates an award of attorney fees in a situation such as the one presented in this case, as the trial court concluded.

The Operating Agreement, signed by the parties to this litigation, contains the following relevant language:

> "*Any action* to enforce or interpret this Agreement or *to resolve disputes between the Members or by or against any Member* shall be settled by arbitration in accordance with the rules of the American Arbitration Association. . . .  The prevailing party shall be entitled to reimbursement of attorney fees, costs, and expenses incurred . . . ."
> (Italics added.)

Although appellants chose to initiate this action in a court of law, rather than in an arbitral forum, and Dyson did not seek to compel arbitration, the provision in the parties' Operating Agreement clearly states that it is intended to apply to any action in which the members of Perig are attempting to resolve a dispute between them.  By its terms, this provision's coverage is *not* limited to disputes over the enforcement or meaning of the contract itself.  The provision includes an attorney fee provision entitling the prevailing party in any action to reimbursement for attorney fees.  This case is an action to resolve a dispute between Dyson and appellants—i.e., it is a dispute between "the Members" of Perig.

We therefore conclude that the attorney fee provision in the Operating Agreement authorizes the trial court to award Dyson, the prevailing party, his attorney fees.  The trial court did not err in entering such an award.

7

B.     *Appellants have not demonstrated error with respect to the court's declining to apportion fees between defendants Dyson and Morketter*

Appellants also contend that the trial court erred in declining to apportion the attorney fees requested by Dyson between defendant Amy Morketter—who apparently settled with appellants before trial—and Dyson. Dyson argues that appellants failed to raise this issue in the trial court, that they have relied on information and documents that they failed to include in the record on appeal, and that they are wrong in asserting that the trial court abused its discretion.

First, we note that appellants refer to their motion to tax costs, as well as the settlement agreement between Morketter and appellants, in support of their argument on appeal that they were entitled to have the trial court apportion the attorney fees between Morketter and Dyson. However, neither of these documents is included in the Appellants' Appendix filed in lieu of a clerk's transcript. Appellants included only Dyson's opposition to their motion to tax costs. In the absence of appellants' motion, we have no ability to determine whether appellants requested apportionment of statutory costs only, or whether appellants also requested that the court apportion attorney fees.[7] If appellants requested only the apportionment of statutory costs, then Dyson is correct in his assertion on appeal that appellants have forfeited this contention because they failed to present the issue to the trial court and provide the trial court with an opportunity to decide the issue. (See *Mepco Services, Inc. v. Saddleback Valley Unified School Dist.*

---

[7]     Dyson's opposition to the motion addresses only the question of apportionment of statutory costs, suggesting that no similar request was made with respect to attorney fees.

8

(2010) 189 Cal.App.4th 1027, 1049, fn.29 [failure to present apportionment argument in trial court resulted in forfeiture of claim on appeal]; see also *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 ["General arguments that [attorney] fees claimed are excessive, duplicative, or unrelated do not suffice.  Failure to raise specific challenges in the trial court forfeits the claim on appeal"].)

Given the inadequacy of the record, we must presume that the trial court's order, which addresses only the apportionment of statutory costs, is correct, and that it addressed the sole apportionment question presented by appellants' motion—i.e., whether apportionment of statutory *costs* between Dyson and Morketter would be appropriate. There is no indication in the record before us that appellants requested that the court apportion attorney fees.  As a result, we must conclude that this issue has been forfeited.

However, even if we were to address this issue on its merits, we would not be able to ascertain any abuse of discretion by the trial court with respect to apportionment of attorney fees.  The trial court denied appellants' motion to tax costs to the extent that appellants sought to apportion costs between Dyson and Morketter, since "Morketter was a nominal defendant who settled before trial," and "[it] does not appear that costs were incurred separately on her behalf or that her inclusion increased the amount of costs."  To the extent a record exists that permits the court to consider this question, the record bears out the trial court's determination that Morketter was a nominal defendant whose role in the litigation was minimal, at best.  Morketter was an associate attorney who worked for Dyson for a salary; she was not his law partner or a shareholder in a corporation with

9

him.  Morketter did not enter into any of the fee agreements at issue in this case, nor did she enter into any other agreements with appellants.  Morketter also was not a party to the Settlement Agreement between appellants and Garland and was not a member of Perig.  There is no indication that appellants sought any relief from Morketter independent of their claims against Dyson.  Given these circumstances, even if we could determine that appellants had, in fact, requested that the court apportion *attorney fees* between Dyson and Morketter, it is clear that the trial court acted well within its discretion in declining to apportion statutory costs, and, therefore, the trial court would have acted well within its discretion in declining to apportion attorney fees, as well.

IV.

DISPOSITION

The order awarding Dyson attorney fees is affirmed.  Respondent is entitled to costs on appeal.

AARON, J.

WE CONCUR:

McINTYRE, Acting P. J.

O'ROURKE, J.

10