[No. B187802. Second Dist., Div. Six. June 7, 2007.]

CRAIG WOOD, as Personal Representative, etc., Plaintiff and Respondent,
v.
SANTA MONICA ESCROW COMPANY, Defendant and Appellant.

COUNSEL

Nordman Cormany Hair & Compton and Meghan B. Clark for Defendant and Appellant.

Steinmeyer Roth, William B. Steinmeyer and Thomas M. Roth for Plaintiff and Respondent.

OPINION

**GILBERT, P. J.**—Welfare and Institutions Code section 15657.5, subdivision (a),[1] provides for an award of attorney fees to a plaintiff who prevails on a cause of action alleging financial abuse of an elder adult. There is no reciprocal provision for a prevailing defendant. Here the complaint alleged a cause of action for elder abuse, as well as causes of action for which attorney fees may be awarded based on contract. All causes of action arose from the same transaction. Defendant therefore is not entitled to attorney fees. (*Carver v. Chevron U.S.A., Inc.* (2004) 119 Cal.App.4th 498 [14 Cal.Rptr.3d 467].) We affirm.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

## FACTS

Craig Wood is the personal representative of the Estate of Merle A. Peterson and trustee of the Peterson Family Trust. Wood filed a complaint alleging that Patrick McComb and Eddie Jamison participated in a scheme to deprive the elderly Peterson of her property by inducing her to obtain a loan secured by her residence. Peterson obtained a loan for $250,000, the proceeds of which were distributed to McComb. Santa Monica Escrow Company (hereafter Santa Monica) acted as escrow holder for the loan.

The complaint alleged three causes of action against Santa Monica: financial abuse of an elder adult, breach of fiduciary duty, and negligence. The second amended complaint added a cause of action for breach of contract. Almost two years after Wood filed the original complaint, he voluntarily dismissed the complaint against Santa Monica.

Following dismissal, Santa Monica moved for an award of attorney fees in the amount of $24,773.75. The motion was based on a provision in the escrow instructions for an award of fees to the prevailing party in "any action or proceeding" between any of the parties to the escrow and the escrow holder. Santa Monica claimed it was not required to apportion fees between those causes of action for which fees are awardable and those for which fees are not awardable because all causes of action arose from the same transaction. The trial court denied the request for fees in its entirety.

## DISCUSSION

### I

■ Section 15610.30, subdivision (a), provides that financial abuse of an elder or dependent adult occurs where a person takes or assists in taking real or personal property of such an adult to a wrongful use or with an intent to defraud, or both. Section 15657.5, subdivision (a), requires the court to award reasonable attorney fees and costs to a plaintiff where the defendant is found liable for financial abuse of an elder.[2] The section contains no reciprocal provision for a prevailing defendant.

---

[2] Section 15657.5 states in its entirety: "(a) Where it is proven by a preponderance of the evidence that a defendant is liable for financial abuse, as defined in Section 15610.30, in addition to all other remedies otherwise provided by law, the court shall award to the plaintiff reasonable attorney's fees and costs. The term 'costs' includes, but is not limited to, reasonable fees for the services of a conservator, if any, devoted to the litigation of a claim brought under this article. [¶] (b) Where it is proven by a preponderance of the evidence that a defendant is liable for financial abuse, as defined in Section 15610.30, and where it is proven by clear and convincing evidence that the defendant has been guilty of recklessness, oppression, fraud, or malice in the commission of the abuse, in addition to reasonable attorney's fees and costs set

■ Here Santa Monica concedes it is not entitled to fees for prevailing on the cause of action alleging financial abuse of an elder. Santa Monica also concedes that Civil Code section 1717, subdivision (b)(2), prohibits an award of fees on the contract cause of action where that cause of action is voluntarily dismissed. It argues, however, that pursuant to its contract, it is entitled to fees as the prevailing party on the tort causes of action alleged against it. (Citing *Santisas v. Goodin* (1998) 17 Cal.4th 599, 617 [71 Cal.Rptr.2d 830, 951 P.2d 399], for the proposition that Civ. Code, § 1717, subd. (b)(2), does not apply to tort claims arising from the contract.) Moreover, Santa Monica claims that under *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124 [158 Cal.Rptr. 1, 599 P.2d 83], it need not apportion its fees among the various causes of action, because all causes of action arose from the same transaction.

■ In *Reynolds*, the plaintiff brought an action against shareholders of a corporation seeking to hold the shareholders liable for corporate debts. The debts arose from a contract and notes. The notes contained attorney fee clauses but the contract did not. The prevailing defendants moved for fees under Civil Code section 1717. Our Supreme Court determined the defendants were entitled to fees, and also stated the "[a]ttorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." (*Reynolds Metals Co. v. Alperson, supra,* 25 Cal.3d at pp. 129–130.)

In this case, *Carver v. Chevron U.S.A., Inc., supra,* 119 Cal.App.4th 498, is controlling. There dealer-lessees sued Chevron alleging antitrust violations under the Cartwright Act (Bus. & Prof. Code, § 16720 et seq.), as well as a number of other causes of action, including breach of contract. Chevron prevailed and moved for an award of attorney fees under a fee provision in the contract. The trial court refused to award fees for defense of the Cartwright Act cause of action and other causes of action where there was an "inextricable overlap" with Cartwright Act issues. (*Carver, supra,* at pp. 503–504.)

forth in subdivision (a), and all other remedies otherwise provided by law, the following shall apply: [¶] (1) The limitations imposed by Section 377.34 of the Code of Civil Procedure on the damages recoverable shall not apply. [¶] (2) The standards set forth in subdivision (b) of Section 3294 of the Civil Code regarding the imposition of punitive damages on an employer based upon the acts of an employee shall be satisfied before any damages or attorney's fees permitted under this section may be imposed against an employer. [¶] (c) Nothing in this section affects the award of punitive damages under Section 3294 of the Civil Code."

■ On appeal, Chevron conceded it was not entitled to fees for defending the Cartwright Act cause of action, but argued that under *Reynolds* it was entitled to fees on issues in common with causes of action for which fees are awardable. The Court of Appeal disagreed. The court pointed out that the Cartwright Act contains a unilateral fee-shifting provision under which fees are awarded to a prevailing plaintiff, but not to a prevailing defendant. (Bus. & Prof. Code, § 16750, subd. (a); *Carver v. Chevron U.S.A., Inc., supra,* 119 Cal.App.4th at p. 503.) Such provisions are created by the Legislature as a deliberate stratagem to encourage more effective enforcement of some important public policy. (*Carver, supra,* at p. 504.) To allow Chevron to recover fees for work on Cartwright Act issues simply because they overlap issues related to other causes of action, would create a judicially imposed reciprocity. This result is not intended by the Legislature and would frustrate legislative policy. (119 Cal.App.4th at p. 504.) The court concluded the unilateral fee-shifting provision of the Cartwright Act prohibits an award of fees for successfully defending Cartwright Act and non-Cartwright Act claims that overlap. (119 Cal.App.4th at p. 504.)

■ Section 15657.5, subdivision (a), contains the same type of unilateral fee-shifting provision discussed in *Carver*. Because, as Santa Monica concedes, all the causes of action alleged here arose from a single transaction, all causes of action overlap the elder abuse cause of action. Santa Monica is not entitled to an award of fees.

Santa Monica argues *Carver* contravenes *Reynolds*. But *Reynolds* did not concern the interplay between a unilateral fee-shifting statute and Civil Code section 1717. A case is not authority for propositions not considered therein. (*Contra Costa Water Dist. v. Bar-C Properties* (1992) 5 Cal.App.4th 652, 660 [7 Cal.Rptr.2d 91].)

Santa Monica argues that *Carver* reaches an absurd result. *Carver* reaches a result consistent with the Legislature's intent in enacting section 15657.5, subdivision (a). There is nothing absurd about that.

██  Santa Monica suggests we adopt a balancing test that would allow the trial court discretion to apportion fees. That would be inconsistent with *Carver* and the policy behind section 15657.5, subdivision (a). Moreover, Santa Monica did not request that the trial court apportion fees. We will not consider points on appeal that were not raised in the trial court. (*Degnan v. Morrow* (1969) 2 Cal.App.3d 358, 366 [82 Cal.Rptr. 557].)

The judgment (order) is affirmed. Costs on appeal are awarded to respondent.

Yegan, J., and Coffee, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 29, 2007, S154549.