Filed 10/14/22 Johnson v. Milestone Financial CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| DANIEL JOHNSON, JR., as Conservator, etc., | |
| Plaintiff and Appellant, | C094370 |
| v. | (Super. Ct. No. 34-2018-00243733-CU-FR-GDS) |
| MILESTONE FINANCIAL, LLC, | |
| Defendant and Respondent. | |

Daniel Johnson, Jr., conservator for Arletha Mae Johnson, appeals the confirmation of an arbitration award in favor of Milestone Financial, LLC (Milestone) after Daniel[1] sued Milestone for various causes of action relating to Milestone's lending of money, secured by real property, to Arletha. Daniel contends the arbitration award must be vacated because (1) it contravenes public policy protecting elders and (2) it contravenes legislative policy concerning attorney's fees awards. Milestone, for its part, contends (3) we should award costs and attorney's fees for this appeal against Daniel as conservator and in his personal capacity. Finding no error, we will affirm the trial court's order confirming the arbitration award and award costs and attorney's fees on appeal to Milestone, but not against Daniel in his personal capacity.

---

[1] We refer to Johnson family members by their first names for clarity.

1

## BACKGROUND

Arletha, who was 94 years old at the time of the arbitration in this case, has four children: Janice, Charletta, Kevin, and Daniel. Arletha owned several rental properties in Sacramento and Vallejo. At the time of her husband's death in 2013, none of the properties were encumbered with debt.

Arletha's son Kevin became involved in two cannabis-related companies and needed funds for the businesses. Kevin approached Arletha about obtaining loans on her properties to provide him funding for the businesses, and she agreed, while being clear he would be required to pay off the loans.

The loans relevant to this action were obtained from Milestone in 2016 and 2017. The loans were hard money loans. As explained in the arbitration panel's final award, "[t]he hard money lending industry serves a relatively small cohort of borrowers, those whose credit or income either cannot qualify for conventional loans, or those whose exigent need for loan funds makes the longer wait-time to complete conventional loan processes unworkable. Hard money lenders like Milestone work only with borrowers who are represented by brokers. Hard money lenders make loans for commercial purposes and Arletha confirmed in her applications that this was the general purpose for the loans. For this reason, too, these types of loans are secured only by commercial properties and not private residences. The experts in this arbitration are in agreement that hard money lenders look only to the value of the property securing the loan and not to the creditworthiness of the borrower. It is the likelihood of recovering the value of the loan and fees through foreclosure and not the repayment of the periodic payments that drives the lending process. This is why the loan-to-value ratios for hard money loans are significantly lower than those in conventional lending. In fact, Johnson's expert witness agreed that Milestone did not violate any California law, rule or regulation relating to hard money lending in its underwriting of these loans to Arletha. [¶] These facts being undisputed, arguably it would 'exceed the scope of its conventional role as a mere lender

2

of money' for a hard money lender to engage in the activities argued by Johnson, including investigating the purpose for the loan, the creditworthiness of the borrower, the mental capacity of the borrower or the personal circumstances driving the application for these niche financial transactions."

In 2016, Arletha, working through a loan broker, with Kevin making most of the arrangements, obtained a loan from Milestone for $820,000, secured by properties in Vallejo. After nine months, however, Arletha had not made any payments on the loan, and Milestone sent her a notice of default. In 2017, the loan broker and Kevin contacted Milestone to arrange a refinance of the loan, and Milestone agreed to loan Arletha $1.23 million to pay off the 2016 loan and provide additional funds to Arletha.

In 2018, the 2017 loan from Milestone went into default, and Milestone initiated foreclosure proceedings. However, Kevin and Milestone negotiated a settlement requiring Kevin to pay Milestone $60,000, part of which would go toward principal on the 2017 loan. Arletha signed the settlement with a notary present. Within a few months, however, Arletha had not made any further payments on the loan, and Milestone foreclosed on the Vallejo properties.

Daniel initiated an action against Kevin and Milestone asserting claims for declaratory relief, cancelation of a written instrument, quiet title, breach of fiduciary duty, fraud, negligence, financial elder abuse, lack of capacity, and violation of Business and Professions Code section 17200. Milestone filed a petition to compel arbitration, Daniel did not oppose the petition, and the matter was arbitrated before Honorable Ignazio Ruvolo (ret.), Honorable Joseph Biafore (ret.), and Honorable Richard Silver (ret.).

The arbitration panel unanimously ruled in favor of Milestone on all causes of action except for negligence and recission, as to which Judge Silver disagreed with the majority. Judge Silver said Milestone had a legal duty to Arletha and breached that duty. Judge Silver also was of the opinion that Arletha had mild dementia when she signed the settlement agreement and, therefore, it was not enforceable against her.

3

The majority wrote extensively about Arletha's mental capacity to enter into the agreements. It found specifically that Daniel failed to establish she did not have the capacity to enter into the agreements, including the 2018 settlement, even though she later became subject to a conservatorship. The majority said Daniel failed to prove that the 2017 loan and settlement were subject to rescission due to lack of capacity, unsound mind or undue influence.

In addition to its decision on the merits, the arbitration panel awarded Milestone $1.2 million in costs and attorney's fees.

After the arbitration panel issued its final award, Milestone filed a petition in the trial court to confirm the award, and Daniel opposed the petition. The trial court confirmed the award, specifically stating that Daniel had shown no public or legislative policy or unwaivable statutory right that would permit the trial court to vacate the award. The trial court also awarded $10,753 in costs and attorney's fees to Milestone for the trial court proceedings because the relevant agreements allowed the prevailing party to recover costs and attorney's fees.

STANDARD OF REVIEW

Our review of the arbitration award is de novo. (*Douglass v. Serenivision, Inc.* (2018) 20 Cal.App.5th 376, 386.)

In crafting his statement of facts for his opening brief on appeal, Daniel relied principally on Judge Silver's concurring and dissenting opinion in the final arbitration award. However, Judge Silver, acting alone, could not adjudicate the facts of this case in arbitration because his concurring and dissenting opinion did not have the force of a final award, even if he could give his opinion of what the material facts were. Only the majority could adjudicate the facts. "It is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. [Citation.]" (*Barak v. The Quisenberry Law Firm* (2006) 135 Cal.App.4th 654, 660.) Therefore, we cannot rely

4

on statements of a dissenting arbitration panel member to establish the facts of this case. Instead, to the extent we need to consider the facts, we draw them from the final award's majority opinion. As the majority opinion noted, "Any discrepancy between the statement of facts in this Final Award and the presentation of facts by either party is the result of the Panel's determination of factual disputes, credibility of witnesses, relevancy of evidence, burden of proof and weight of the evidence presented."

On appeal, Daniel cited an unpublished appellate decision in an effort to support his arguments, in contravention of rule 8.1115 of the California Rules of Court. Although Milestone suggests this warrants sanctions, we do not consider the suggestion because Milestone did not file a motion for sanctions. (See *Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 919 [party must file proper motion for sanctions under Cal. Rules of Court, rule 8.276(b)(1)].)

## DISCUSSION

### I

Daniel contends the arbitration award contravenes public policy protecting elders and must therefore be vacated.

Under Code of Civil Procedure section 1285,[2] a party to an arbitration award may petition the trial court for an order confirming, correcting, or vacating the award. California law favors resolving disputes in arbitration. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 (*Moncharsh*).) Generally, arbitration awards are immune from review, and the grounds for challenging arbitration awards are limited. Errors of fact and law are not reviewable, with few exceptions. (*Id.* at p. 11.)

Statutory grounds for vacating the award protect the parties from procedural unfairness, such as corruption or fraud in the arbitration process. (§ 1286.2.) Daniel

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

contends the arbitration panel exceeded its powers by issuing an award that violates a well-defined public policy.

"An arbitrator exceeds his or her powers if the arbitration award violates a statutory right or otherwise violates a well-defined public policy. (*Jordan v. Department of Motor Vehicles* (2002) 100 Cal.App.4th 431, 443.)" (*Department of Personnel Administration v. California Correctional Peace Officers Assn.* (2007) 152 Cal.App.4th 1193, 1195.) This court explained one arbitration award violated public policy "when the arbitrator determined that a written collective bargaining memorandum of understanding (MOU) between [California Correctional Peace Officers Association] and the Department of Personnel Administration (DPA) did not comport with the parties' actual agreement. [¶] The arbitrator reformed the MOU after it had been ratified and approved by the Legislature pursuant to the Ralph C. Dills Act (Dills Act). [Citation.] In changing the terms of the MOU after it was approved by the Legislature, the arbitrator exceeded her powers by violating the Dills Act and the important public policy of legislative oversight of state employee contracts." (*Ibid.*) No similar violation of a well-defined public policy is present in this case.

Daniel argues the state's elder abuse laws establish a well-defined public policy violated by the arbitration panel. In his words, "the arbitration agreement was void to the extent it sought to change the standards and duties of a lender with respect to elder abuse, fraud, and undue influence, and shift the attorneys' fees and costs to defendant in a case that sounded in elder abuse."

The arbitration panel found that Daniel failed to prove Milestone engaged in elder abuse. Daniel now claims the arbitration award contravenes the public policy reflected in elder abuse law, but addressing the argument would allow Daniel to essentially relitigate the matter in court after losing in arbitration. As the trial court observed, "Even if the Final Award here is based on an erroneous conclusion on contested issues of fact or law, this Court is not permitted to review either the rationale or the sufficiency of the

6

evidence." Errors of fact or law are not reviewable. (*Moncharsh, supra*, 3 Cal.4th at p. 11.) Because Daniel failed to prove there was any elder abuse, his contention in this court that the arbitration award must be vacated because it violates the public policy against elder abuse cannot succeed.

Daniel also argues the arbitration award contravenes public policy because the arbitration panel should have imposed a duty on Milestone to investigate any suspicious and potentially fraudulent activities against Arletha and, based on Milestone's alleged failure to properly investigate, should have found Milestone negligent. As with the allegations of elder abuse, Daniel failed to establish in arbitration that Milestone violated any duty to Arletha.

Without a foundation of some legal wrongdoing, Daniel's arguments about the arbitration award contravening public policy are unsupported.

II

Daniel also contends the arbitration award of costs and attorney's fees contravenes legislative policy because a defendant in an elder abuse or unfair competition case cannot assert a right to attorney's fees.

The arbitration was originally classified as consumer arbitration. However, the arbitration panel reclassified it as commercial arbitration because the loans Milestone made to Arletha were commercial hard money loans. Having done so, the arbitration panel had authority to award costs and attorney's fees. As noted, it awarded $1.2 million in costs and attorney's fees.

In making its award, the arbitration panel noted that it had authority to award attorney's fees under the parties' agreements. But it also noted a defendant may not recover attorney's fees incurred in defending against an elder abuse claim, even if the defendant is the prevailing party. (Welf. & Inst. Code, § 15657.5, subd. (a); *Wood v. Santa Monica Escrow Company* (2007) 151 Cal.App.4th 1186.) The prohibition applies to work attributable to any elder abuse claim or any other claim with inextricable overlap.

7

(*Wood,* at pp. 1190-1191.) The arbitration panel considered this prohibition and applied it to work attributable to the elder abuse claim, as well as the fraud claims because they overlapped with the elder abuse claim. The arbitration panel therefore reduced its attorney's fees award for the time attributable to the elder abuse and fraud claims. It determined, however, that the other claims did not overlap with the elder abuse claims.

Similarly, the arbitration panel recognized it could not award attorney's fees for work attributable to Daniel's unfair competition claim against Milestone under Business and Professions Code section 17200, which Milestone defeated at an early stage of the arbitration in a dispositive motion. (See *Walker v. Countrywide Home Loans, Inc.* (2002) 98 Cal.App.4th 1158 [attorney's fees unavailable in unfair competition law case].) However, the arbitration panel found the time of Milestone's counsel dedicated to that claim was negligible, so the arbitration panel did not reduce the fees for any time spent on the claim.

Daniel argues the arbitration award contravenes legislative policy because all of the claims were fundamentally intertwined with the elder abuse and unfair competition claims. But this argument is also just an attempt to relitigate an issue lost in arbitration. The arbitration panel considered the laws regarding attorney's fees for elder abuse and unfair competition claims and adjusted the award as it deemed appropriate. The award of costs and attorney's fees did not contravene legislative policy.

III

Milestone argued to the arbitration panel that Daniel should be ordered to pay the costs and attorney's fees personally. Milestone claims Daniel knew Arletha was mentally competent when she entered into the loans and settlement agreement and when she allowed Kevin to use the money, but Daniel nevertheless testified that she was not mentally competent. Milestone also claimed Daniel miscategorized the case as consumer arbitration when he knew it was commercial arbitration. According to Milestone, this constituted mismanagement or bad faith and allowed the arbitration panel to award costs

8

and attorney's fees against Daniel personally under section 1026, subdivision (b) and Probate Code section 1002. The arbitration panel considered the arguments and declined to exercise its discretion to award costs and attorney's fees against Daniel in his personal capacity. It determined that the claims were not frivolous and Daniel's actions were not unreasonable.

Here, Milestone does not contend the arbitration panel's determination about costs and attorney's fees was erroneous. However, Milestone asserts we should order Daniel, both as conservator and in his personal capacity, to pay Milestone's costs and attorney's fees for this appeal.

Milestone is entitled to an award of costs and attorney's fees under the subject agreements and statutes, and that applies on appeal as well. (*Marcus & Millichap Real Estate Investment Brokerage Co. v. Woodman Investment Group* (2005) 129 Cal.App.4th 508, 513; §§ 1033.5, subd. (a)(10)(A); 1293.2.) However, we decline to award costs and attorney's fees against Daniel in his personal capacity.

## DISPOSITION

The order confirming the arbitration award is confirmed. Milestone is awarded its costs, including attorney's fees, on appeal. (Cal. Rules of Court, rule 8.278(a) & (c).)


                                          /S/
                                      MAURO, J.

We concur:


    /S/
HULL, Acting P. J.


    /S/
KRAUSE, J.