Filed 8/14/25

## CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| LUDIVINE M. GAMO, as Executor, etc.,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JARED MERRELL et al.,<br><br>    Defendants and Appellants. | G063493<br><br>(Super. Ct. No. 30-2017-00942930)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, John C. Gastelum, Judge. Affirmed in part, reversed in part, and remanded with directions.

Vivoli Saccuzzo and Jason P. Saccuzzo for Defendants and Appellants.

Law Office of Neal B. Jannol and Neal B. Jannol for Plaintiff and Respondent.

\*        \*        \*

Plaintiff Tirso Gamo purchased a car from defendants J Star Auto Group, Inc. (J Star) and Jared Merrell (collectively, the sellers).[1] He later sued them for financial elder abuse (Welf. & Inst. Code, § 15610.30),[2] violation of the Consumers Legal Remedies Act (CLRA; Civ. Code, § 1750 et seq.), and other related claims. The sellers prevailed on all claims at trial. They then filed a motion for attorney fees under Code of Civil Procedure section 2033.420 (cost-of-proof fees) and Civil Code section 1780, subdivision (e) (CLRA fees). Generally, the former allows a party to request fees where it serves requests for admission and the responding party unreasonably fails to admit a request that the serving party later proves true. As to CLRA fees, they can be sought by a prevailing defendant when a plaintiff prosecutes a CLRA claim in bad faith.

The trial court held the sellers' fee request was barred as a matter of law by section 15657.5, subdivision (a), which awards fees to prevailing plaintiffs on financial elder abuse claims but not to prevailing defendants. The court found this unilateral fee provision prohibited the sellers from obtaining fees for prevailing on the financial elder abuse claim and the other intertwined claims. On appeal, the sellers contend the trial court erred by finding they were precluded from obtaining cost-of-proof and CLRA fees as a matter of law.

---

[1] Gamo passed away in July 2023. His wife, Ludivine M. Gamo, was appointed executor of his estate after this appeal was filed. We previously issued an order authorizing her to appear as respondent in this appeal. We also note that Gamo sued defendant Jordan DeJong. DeJong is not a party to this appeal, so we do not discuss the allegations against him.

[2] All further undesignated statutory references are to the Welfare and Institutions Code.

We agree with the sellers as to cost-of-proof fees. The trial court correctly observed that section 15657.5, subdivision (a) contains a unilateral fee provision. This provision bars defendants from obtaining attorney fees for prevailing on financial elder abuse claims and all intertwined claims. Awarding a defendant fees for prevailing on such claims would contravene this unilateral fee provision. Here, however, the sellers did not seek fees for prevailing on the claims against them. Rather, they sought cost-of-proof fees, which arise from Gamo's alleged failure to admit certain requests for admission in discovery without good reason. This caused the sellers to incur fees to prove the truth of these requests. Cost-of-proof fees can be awarded without interfering with the public policy behind the unilateral fee provision in section 15657.5, subdivision (a). Since these statutes can be harmonized, the court erred by finding cost-of-proof fees were barred as a matter of law.

As to CLRA fees, the sellers have not met their burden of showing error. They simply argue that CLRA fees are not barred for the same reason as cost-of-proof fees. But these two types of fees arise from different statutes with distinct purposes, and they require unique analyses that the sellers have not provided. As such, their argument for CLRA fees has been waived.

For these reasons, the trial court's order is affirmed in part, reversed in part, and remanded with directions.

## FACTS AND PROCEDURAL HISTORY

### I.

#### THE LAWSUIT

This lawsuit arises from Gamo's purchase of a Maserati automobile from defendant J Star, which was allegedly controlled by Merrell. Gamo, who was 81 years old at the time of the sale, claimed the sellers had

3

orally misrepresented that they would credit him $6,500 for his trade-in vehicle. A few days after the sale, Gamo's wife allegedly reviewed the sales contract for the Maserati (the contract) and discovered that Gamo had only been credited $2,000 for his trade-in. Gamo claimed he would not have purchased the Maserati or traded in his old car if he had known the sellers would give him less than $6,500 for it.

Based on the above allegations, Gamo asserted claims against the sellers for (1) financial elder abuse, (2) violation of the CLRA, (3) unfair competition, (4) violation of Business and Professions Code section 17500, (5) fraud and concealment, (6) undue influence, (7) violation of Civil Code section 3345, (8) violation of Penal Code section 496, subdivision (b), and (9) conversion.

In discovery, J Star served multiple sets of requests for admission on Gamo. Among other things, these requests asked Gamo to admit that (1) he initialed each page of the contract, (2) he was given time to read the contract, (3) J Star went over the part of the contract showing his trade-in was valued at $2,000, (4) he did not have any condition that would have prevented him from reading and understanding the contract, and (5) J Star had not altered the terms of the contract. Gamo purportedly denied or withdrew his admissions to key requests.

The case went to trial, and the jury found in the sellers' favor on all claims. Among other things, it found the sellers had not misrepresented any facts to Gamo. The court subsequently entered judgment in the sellers' favor.

4

## II.

### THE ATTORNEY FEES MOTION

Following entry of judgment, the sellers moved for roughly $490,000 in cost-of-proof fees and CLRA fees (the fee motion). Gamo opposed the fee motion, arguing attorney fees were barred by the financial elder abuse statutes, specifically, section 15657.5, subdivision (a). Gamo argued this statute contains a unilateral fee provision that only awards fees to prevailing plaintiffs in financial elder abuse cases. Citing *Wood v. Santa Monica Escrow Co.* (2007) 151 Cal.App.4th 1186 (*Wood*), he asserted this unilateral fee provision barred the sellers from being awarded fees for prevailing on the elder abuse claim and the other claims, which all arose from the same transaction.

The trial court agreed with Gamo and denied the fee motion. As it read *Wood*, a prevailing defendant on a financial elder abuse claim is not entitled to attorney fees "due to the unilateral fee shifting provision found in section 15657.5." Further, awarding fees to prevailing defendants "for [any] claims that overlap [with] the elder abuse claims would create a judicially imposed reciprocity in violation of the legislative intent of . . . section 15657.5, just as that rejected in *Wood*." The court found all of Gamo's claims "were based on the same transaction and were inextricably intertwined" with his financial elder abuse claim, so it denied the fee motion in its entirety.

On appeal, the sellers argue the trial court erred as a matter of law by finding the unilateral fee provision in section 15657.5, subdivision (a) bars them from obtaining cost-of-proof and CLRA fees. We agree the court erred as to cost-of-proof fees but find no error as to CLRA fees.

DISCUSSION

I.

STANDARD OF REVIEW

A trial court's determination as to whether a party is entitled to attorney fees is typically reviewed for an abuse of discretion. (*Turner v. Association of American Medical Colleges* (2011) 193 Cal.App.4th 1047, 1056 (*Turner*).) But our review is de novo when the dispute turns on statutory interpretation. (*Ibid.*) Such is the case here, as we are determining whether the unilateral fee provision in section 15657.5, subdivision (a) bars cost-of-proof and CLRA fees as a matter of law.

"'Under well-established rules of statutory construction, we must ascertain the intent of the drafters so as to effectuate the purpose of the law.'" (*Mejia v. Reed* (2003) 31 Cal.4th 657, 663.) "'A court *must*, where reasonably possible, harmonize statutes, reconcile seeming inconsistencies in them, and construe them to give force and effect to all of their provisions.'" (*Pacific Palisades Bowl Mobile Estates, LLC v. City of Los Angeles* (2012) 55 Cal.4th 783, 805, italics added.) When "''two codes are to be construed, they 'must be regarded as blending into each other and forming a single statute.' [Citation.] Accordingly, they 'must be read together and so construed as to give effect, when possible, to all the provisions thereof.''''" (*Ibid.*) We will only find an implied repeal "''''when there is no rational basis for harmonizing two potentially conflicting statutes [citation], and the statutes are "irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation."''''" (*Ibid.*)

ANALYSIS

## A. *Unilateral Fee Provisions*

Under section 15657.5, subdivision (a), where "a defendant is liable for financial abuse [of an elder], . . . the court shall award *to the plaintiff* reasonable attorney's fees and costs." (Italics added.) This statute creates a unilateral fee provision in favor of plaintiffs because there is "no reciprocal provision for a prevailing defendant." (*Wood*, *supra*, 151 Cal.App.4th at p. 1189.) "[U]nilateral fee-shifting provisions reflect a considered legislative judgment that prevailing defendants should not receive fees." (*Turner*, *supra*, 193 Cal.App.4th at p. 1061.) Such provisions are created "'as a deliberate stratagem for advancing some public purpose, usually by encouraging more effective enforcement of some important public policy.' In particular, such provisions reflect the Legislature's intent 'to encourage injured parties to seek redress—and thus simultaneously enforce public policy—in situations where they otherwise would not find it economical to sue.'" (*Id*. at p. 1060.)

Several cases illustrate the application of unilateral fee provisions. We begin with *Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132 (*Carver I*). In *Carver I*, defendant Chevron U.S.A., Inc. (Chevron) was sued by several dealers of its products (the dealers) for breach of contract, fraud, and violations of the Cartwright Act (Bus. & Prof. Code, § 16720 et seq.). (*Carver I, supra*, at p. 136.) Chevron ultimately won on all claims and was deemed the prevailing party. (*Ibid*.) It then moved for contractual attorney fees, which the trial court granted. (*Ibid*.) The dealers appealed, arguing the trial court had erred by awarding Chevron attorney fees for prevailing on the Cartwright claim. (*Id*. at pp. 136–137, 142–143.)

The appellate court agreed with the dealers and reversed. (*Carver I*, *supra*, 97 Cal.App.4th at p. 137.) It observed that the Cartwright Act contains a unilateral fee provision in favor of prevailing plaintiffs. (*Id*. at p. 144.) But the Cartwright Act "does not create any reciprocal right on the part of a prevailing defendant to" attorney fees "incurred *in defense* of an action." (*Ibid*.) The unilateral fee provision in the Cartwright Act conflicted with and overrode the bilateral contractual fee agreement, which awarded fees to the prevailing party. (*Id*. at pp. 137, 147.) The court remanded the case to ascertain and remove the fees related to the Cartwright claim. (*Id*. at p. 155.)

On remand, the dealers argued the trial court should remove all fees incurred by Chevron for work relating to the Cartwright Act even if such work was relevant to other claims. (*Carver v. Chevron U.S.A., Inc.* (2004) 119 Cal.App.4th 498, 502–503 (*Carver II*).) The trial court agreed and removed fees for work that inextricably overlapped with the Cartwright claim. (*Id*. at p. 503.) The appellate court affirmed. (*Id*. at p. 501.) It held the Cartwright Act's unilateral fee provision "prohibits an award of attorney fees for successfully defending Cartwright Act and non-Cartwright Act claims that overlap. To allow Chevron to recover fees for work on Cartwright Act issues simply because the statutory claims have some arguable benefit to other aspects of the case would superimpose a judicially declared principle of reciprocity on the statute's fee provision, a result unintended by the Legislature, and would thereby frustrate the legislative intent to 'encourage improved enforcement of public policy.'" (*Id*. at p. 504.)

We next turn to *Wood*, which formed the backbone for the trial court's ruling in this case. In *Wood*, the plaintiff sued the defendant for financial elder abuse, breach of fiduciary duty, and negligence, among other

8

claims. He later dismissed the lawsuit, causing the defendant to move for contractual attorney fees as the prevailing party. (*Wood*, *supra*, 151 Cal.App.4th at p. 1189.) The defendant conceded the unilateral fee provision in section 15657.5, subdivision (a) barred any fees it had incurred for prevailing on the financial elder abuse claim. (*Id.* at pp. 1189–1190.) But the defendant argued it was entitled to fees for prevailing on the other tort claims. (*Id.* at p. 1190.) The court disagreed. Citing *Carver II*, it found all the plaintiff's tort claims overlapped with the financial elder abuse claim, so the defendant was not entitled to any fees as the prevailing party. (*Id.* at p. 1191.)

However, other cases show that unilateral fee provisions favoring plaintiffs do not always bar defendants from obtaining attorney fees. For instance, *Richmond Compassionate Care Collective v. 7 Stars Holistic Foundation* (2019) 33 Cal.App.5th 38, 40 (*Richmond*) held the Cartwright Act's unilateral fee provision does not bar a defendant from obtaining attorney fees under the anti-SLAPP statute (Code Civ. Proc., § 425.16). In *Richmond*, the plaintiff filed a single claim against the defendant for violation of the Cartwright Act. (*Richmond*, at p. 41.) The defendant filed an anti-SLAPP motion in response. It was partially granted, leading the court to strike certain allegations from the complaint. (*Id.* at pp. 41–44.) The defendant then moved for attorney fees under the anti-SLAPP statute, which the trial court granted.[3] (*Id.* at pp. 42, 44–45.)

---

[3] The plaintiff in *Richmond* sued multiple defendants who also filed anti-SLAPP motions in response. (*Richmond*, *supra*, (2019) 33 Cal.App.5th at pp. 41–44.) Since the appeal only involved a single defendant (*id.* at p. 45), we focus on the facts pertinent to that defendant.

The appellate court affirmed. It held there is "no conflict between the Cartwright Act and the anti-SLAPP statute, and both can be applied." (*Richmond*, *supra*, 33 Cal.App.5th at p. 48.) Specifically, both statutes can be interpreted "'as allowing for attorney fees—one for a prevailing defendant and one for a prevailing plaintiff—without altering the public policy in either statute. A defendant may be awarded its attorney fees for a successful (or partially successful) special motion to strike by showing that the complaint involves protected activity, *provided* plaintiff fails to show a probability of prevailing on the merits. Thus, a defendant who receives attorney fees for a special motion to strike a Cartwright claim has stricken a claim that lacks merit and such a claim or allegations could not be used by a plaintiff to prevail in a Cartwright claim.'" (*Id*. at p. 47.) "Although the Legislature's purpose in enacting the Cartwright Act was to encourage enforcement of the act, nothing in the law "'suggests this legislative purpose should override the Legislature's desire,'" expressed in the later-enacted section 425.16, to discourage SLAPPs." (*Ibid*.)

*Richmond* also distinguished *Carver I*. It explained, "nothing in [*Carver I*], nor for that matter the plain language of the Cartwright Act, . . . forecloses a successful anti-SLAPP defendant from obtaining the attorney fees to which it 'shall' be entitled under [Code of Civil Procedure] section 425.16." (*Richmond*, *supra*, 33 Cal.App.5th at p. 47.)

Guided by the cases above, we next examine the interplay between the unilateral fee provision in section 15657.5, subdivision (a) and cost-of-proof and CLRA fees.

## B.  Cost-of-Proof Fees

As we explain below, like *Richmond*, cost-of-proof fees do not conflict with the unilateral fee provision in section 15657.5, subdivision (a).

10

Both statutes can operate together. They each apply in distinct scenarios, and cost-of-proof fees do not impede on the public policy behind unilateral fee provisions. As such, section 15657.5, subdivision (a) does not bar the sellers from obtaining cost-of-proof fees. (See *Richmond*, *supra*, 33 Cal.App.5th at p. 47; *Pacific Palisades Bowl Mobile Estates, LLC v. City of Los Angeles*, *supra*, 55 Cal.4th at p. 805.)

Under Code of Civil Procedure section 2033.420, subdivision (a), "[i]f a party fails to admit the genuineness of any document or the truth of any matter when requested to do so . . . , and if the party requesting that admission thereafter proves the genuineness of that document or the truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees." When requested, courts are required to impose such fees unless "(1) [a]n objection to the request was sustained or a response to it was waived . . . ."; "(2) [t]he admission sought was of no substantial importance[]"; "(3) [t]he party failing to make the admission had reasonable ground to believe that that party would prevail on the matter[]"; or "(4) [t]here was other good reason for the failure to admit." (Code Civ. Proc., § 2033.420, subd. (b).)

Cost-of-proof fees and the unilateral fee provision in section 15657.5, subdivision (a) each serve different purposes and can be applied concurrently. Unilateral fee provisions are designed to encourage enforcement of an important public policy. Here, the unilateral fee provision in section 15657.5, subdivision (a) encourages plaintiffs to pursue financial elder abuse claims. (See §§ 15610.30 & 15657.5, subd. (a).) Unilateral fee provisions achieve this goal by ensuring a plaintiff is protected from having to pay a prevailing defendant's attorney fees if

11

the plaintiff loses on his or her claims. (*Turner*, *supra*, 193 Cal.App.4th at pp. 1059–1060.)

In *Carver I*, *Carver II*, and *Wood*, the contractual fee clauses at issue were intended to reward a prevailing party in a lawsuit. (*Wood*, *supra*, 151 Cal.App.4th at p. 1189 [contractual attorney fees to "prevailing party"]; *Carver II*, *supra*, 119 Cal.App.4th at pp. 501–502 [same]; *Carver I*, *supra*, 97 Cal.App.4th at pp. 138–139 [same].) Accordingly, these contractual clauses directly contravened the unilateral fee provisions in the relevant statutes. Awarding fees to these defendants for prevailing on financial elder abuse or Cartwright claims would irreconcilably conflict with the Legislature's intent to protect plaintiffs from adverse fee awards if they lost on such claims.

In contrast, cost-of-proof fees do not reward a party for prevailing on a claim. Rather, they are intended to encourage efficient trials. "'The primary purpose of requests for admissions is to set at rest triable issues so that they will not have to be tried; they are aimed at expediting trial. [Citation.] The basis for imposing [cost-of-proof fees] is directly related to that purpose. . . . [They are] designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission where the admission sought was "of substantial importance" [citations] such that trial would have been expedited or shortened if the request had been admitted.'" (*Orange County Water Dist. v. The Arnold Engineering Co.* (2018) 31 Cal.App.5th 96, 115 (*Orange County Water Dist.*).)

Unlike prevailing party fees, cost-of-proof fees do "not punish[] [a litigant] merely for pursuing a claim. The litigant must instead reimburse an opposing party's costs in proving an issue where the litigant did not have a reasonable, good faith belief it would prevail at trial on that issue, after being

12

expressly requested to admit the issue." (See *Orange County Water Dist.*, *supra*, 31 Cal.App.5th at p. 120.)

Nor can cost-of-proof fees be characterized as a disguised form of prevailing party fees. They are not granted simply because a prevailing party proved a material fact at trial that was decisive to its outcome. Rather, they "are awarded when the other party has no reasonable basis for not admitting the fact, not merely that the court determined a fact against them." (*In re Solario* (Bkrtcy. E.D.Cal. 2020) 611 B.R. 327, 335.) Indeed, a party can lose at trial and still be awarded cost-of-proof fees. (See *Smith v. Circle P Ranch Co.* (1978) 87 Cal.App.3d 267, 274–275 [interpreting predecessor statute to Code of Civil Procedure section 2033.420, subdivision (a)].)

Because cost-of-proof fees neither reward the prevailing party nor punish a losing party in a lawsuit, they do not interfere with unilateral fee provisions. Rather, these two types of provisions can be enforced concurrently. The unilateral fee provision in section 15657.5, subdivision (a) encourages plaintiffs to bring financial elder abuse claims by ensuring they will not be liable for a defendant's fees if they lose their lawsuit. Once such a claim is filed, cost-of-proof fees encourage both parties to narrow the issues for trial to avoid wasting the time and resources of the court and the parties.

In sum, cost-of-proof fees and unilateral fee provisions serve entirely different purposes. Thus, we cannot reasonably conclude that the abstract potential for cost-of-proof fees would have any material effect on a plaintiff's desire to bring a financial elder abuse claim. As set forth above, such plaintiffs are still protected from adverse fee awards if their claims fail. Any "chilling effect on a litigant's ability to pursue his or her claims . . . is incidental." (*Orange County Water Dist.*, *supra*, 31 Cal.App.5th at p. 120.)

13

We are unpersuaded by Gamo's citation to *City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, which found cost-of-proof fees were precluded by title 47 United States Code section 555a, subdivision (a).[4] This case did not involve a unilateral fee provision. Rather, title 47 United States Code section 555a, subdivision (a) expressly limits remedies for certain claims to injunctive and declaratory relief. Courts have found it prohibits awards of damages and attorney fees, including cost-of-proof fees. (*City of Glendale*, at pp. 348, 355–356.) *City of Glendale* is irrelevant to this case.[5]

Finally, we note that the trial court ruled the sellers were barred from obtaining cost-of-proof fees as a matter of law. As such, it did not address any relevant factual issues, such as whether cost-of-proof fees were warranted (see, e.g., Code Civ. Proc., § 2033.420, subds. (b)(1)–(4)) or the reasonableness of the requested amount. We direct the court to address any

---

[4] "In any court proceeding . . . involving any claim against a franchising authority or other governmental entity, or any official, member, employee, or agent of such authority or entity, arising from the regulation of cable service or from a decision of approval or disapproval with respect to a grant, renewal, transfer, or amendment of a franchise, any relief, to the extent such relief is required by any other provision of Federal, State, or local law, shall be limited to injunctive relief and declaratory relief." (47 U.S.C. § 555a, subd. (a).)

[5] Gamo cites other cases involving unilateral fee provisions. But, similar to *Wood*, *Carver I*, and *Carver II*, these cases involved statutes with unilateral fee provisions that irreconcilably conflicted with other statutes that contained bilateral fee awards to prevailing parties. (See, e.g., *Department of Fair Employment & Housing v. Cathy's Creations, Inc.* (2020) 54 Cal.App.5th 404, 411 [Code of Civil Procedure section 1021.5 allows courts to award attorney fees to """"successful party"""]; *Turner, supra,* 193 Cal.App.4th at pp. 1053–1054 [Civil Code section 55 awards fees to a "'prevailing party'"].) Thus, these cases are also unpersuasive.

14

such arguments on remand. We leave it in the court's discretion to determine whether further briefing is necessary.

## C. CLRA Fees

The sellers also contend that CLRA fees are not prohibited by section 15657.5, subdivision (a). CLRA fees are governed by Civil Code section 1780, subdivision (e), which states that "[r]easonable attorney's fees may be awarded to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the [CLRA] action was not in good faith." But the sellers provide no unique argument on CLRA fees. Instead, they only refer us to their arguments concerning cost-of-proof fees.

The sellers have not met their burden of showing error. (See *Starcevic v. Pentech Financial Services, Inc.* (2021) 66 Cal.App.5th 365, 374.) The statutes governing cost-of-proof and CLRA fees are materially different and appear to serve different goals. The sellers have not analyzed the text of Civil Code section 1780, subdivision (e), nor have they provided any details about its history or purpose. Since they have failed to adequately explain why CLRA fees are not barred by section 15657.5, subdivision (a), we find this argument has been waived. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)

## DISPOSITION

The portion of the trial court's order denying cost-of-proof fees is reversed. As set forth in this opinion, we direct the court on remand to address any remaining arguments concerning the sellers' request for cost-of-proof fees. The remainder of the order is affirmed. The sellers are entitled to their costs on appeal.


MOORE, ACTING P. J.

WE CONCUR:


DELANEY, J.


SCOTT, J.